1  TOWNSEND AND TOWNSEND AND CREW LLP
   THEODORE T. HERHOLD (SBN 122895) ttherhold@townsend.com
2  THOMAS F. FITZPATRICK (SBN 193565) tffitzpatrick@townsend.com
   JULIE J. HAN (SBN 215279) jjhan@townsend.com
3  STEVEN W. FLANDERS (SBN 206563) swflanders@townsend.com
   379 Lytton Avenue
4  Palo Alto, California  94301
   Telephone: (650) 326-2400
5  Facsimile: (650) 326-2422

6  Attorneys for Plaintiff and Counterdefendant
   WEBEX COMMUNICATIONS, INC.
7
   STEPHEN S. KORNICZKY (SBN 135532)
8  S. CHRISTIAN PLATT (SBN 199318)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
9  3579 Valley Centre Drive
   San Diego, CA 92130
10 Telephone:  (858)720-2500
   Facsimile:  (858)720-2555
11 Email: stephenkorniczky@paulhastings.com
           christianplatt@paulhastings.com
12
   Attorneys for Defendant and Counterclaimant
13 RAINDANCE COMMUNICATIONS, INC.

14                UNITED STATES DISTRICT COURT

15         FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17 WEBEX COMMUNICATIONS, INC.,            Case No.    C05 03919 CRB (JCS)
   a Delaware Corporation,
18                                         [PROPOSED] PROTECTIVE
                  Plaintiff,               ORDER
19
          v.
20
   RAINDANCE COMMUNICATIONS, INC.,
21 a Delaware Corporation,

22                Defendant.
   _____
23
   RAINDANCE COMMUNICATIONS, INC.,
24 a Delaware Corporation,

25                Counterclaimant,

26        v.

27 WEBEX COMMUNICATIONS, INC.,
   a Delaware Corporation,
28
                  Counterdefendant.

1    This Order is issued to facilitate document disclosure and production under the Local Rules of

2  this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained

3  in this Order, this Order shall remain in effect through the conclusion of this litigation.

4    For purposes of this Order:

5    a.    Provided that it meets the requirements of paragraph b and/or c below, any information

6  or material produced, formally or informally, in response to a discovery request, including without

7  limitation, all depositions, documents, information or things produced in response to a subpoena,

8  answers to interrogatories, responses to requests for admissions, all other discovery taken pursuant to

9  the Federal Rules of Civil Procedure, and any information or material produced pursuant to any

10  disclosure obligations imposed by the Federal Rules of Civil Procedure or the Court's local rules, any

11  information or material disclosed or produced on an informal basis, and any material filed with the

12  Court may be designated under this Protective Order by the person or entity producing, filing or

13  disclosing it or providing the information or material ("Designating Entity") to the person or entity

14  receiving the information or material ("Receiving Entity").  Any party or non-party may designate

15  material under this Protective Order.

16    b.    "CONFIDENTIAL INFORMATION" means any information that a party or third

17  party believes in good faith to be confidential or sensitive information including, but not limited to,

18  trade secrets, research, design, development, financial, technical, marketing, planning, personal or

19  commercial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil

20  Procedure and/or any applicable case law interpreting Rule 26(c)(7).  "CONFIDENTIAL

21  INFORMATION" may be embodied in physical objects, documents, or the factual knowledge of

22  persons.

23    c.    "ATTORNEYS' EYES ONLY INFORMATION" shall include any information that a

24  party or third party believes in good faith to be highly confidential and highly sensitive information

25  which, if disclosed to a competitor, may cause competitive harm, including but not limited to trade

26  secrets, research, design, development, financial, technical, marketing, planning, personal or

27  commercial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil

28  Procedure and/or any applicable case law interpreting Rule 26(c)(7), or other information that is

1    entitled to a higher level of protection due to its commercial sensitivity. "ATTORNEYS' EYES

2    ONLY INFORMATION" may be embodied in physical objects, documents, or the factual knowledge

3    of persons.

4            In support of this Order, the Court finds that:

5            1.       CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY

6    INFORMATION that bear significantly on the parties' claims or defenses is likely to be disclosed or

7    produced during the course of discovery in this litigation;

8            2.       The parties to this litigation may assert that public dissemination and disclosure of

9    CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION could

10   severely injure or damage the Designating Entity and could place that party at a competitive

11   disadvantage;

12           3.       Counsel for the party or parties receiving CONFIDENTIAL INFORMATION and

13   ATTORNEYS' EYES ONLY INFORMATION are presently without sufficient information to accept

14   the representation(s) made by the party or parties producing CONFIDENTIAL INFORMATION and

15   ATTORNEYS' EYES ONLY INFORMATION as to the confidential and/or trade secret nature of

16   such CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION; and

17           4.       To protect the respective interests of the parties and to facilitate the progress of

18   disclosure and discovery in this case, the following Order should issue:

19           **IT IS THEREFORE ORDERED THAT:**

20           5.       CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY

21   INFORMATION shall not be used or shown, disseminated, copied, or in any way communicated to

22   anyone for any purpose whatsoever, except as provided in this Order.

23           6.       Any information, document, or thing designated as containing CONFIDENTIAL

24   INFORMATION shall be used solely for purposes directly related to this litigation in accordance with

25   the terms of this Order and shall not be disclosed by the Receiving Entity to any person other than:

26           (a)      outside counsel for the Receiving Entity;

27           (b)      independent experts or consultants retained by the Receiving Entity (directly or

28   by their counsel of record) solely for the purpose of assisting in this litigation, provided that each such

1  independent expert or consultant is approved pursuant to the procedures set forth in paragraph 25 of

2  this Order;

3          (c)     any witness or prospective witness when (i) it is indicated on the face of such

4  information, document, or thing that such person is the author, recipient, or intended recipient of such

5  information, document, or thing; (ii) the person has already received the information, document, or

6  thing by means independent of the litigation; or (iii) the person had access to the particular document

7  or thing in his/her ordinary course of business;

8          (d)     paralegals and clerical staff of such outside counsel and of independent experts

9  and consultants as set forth hereinabove;

10          (e)     qualified reporters taking testimony, qualified videographers recording

11  testimony, and any necessary stenographic and clerical personnel thereof;

12          (f)     outside commercial copying and document imaging services; and

13          (g)     the Court, its appointed technical advisors, its staff, its agents, its appointed

14  Magistrate Judge(s), its clerks, and its secretaries, and any court reporter retained to record proceeding

15  before the Court;

16          (h)     up to two employees of the Receiving Entity, provided that (1) any such

17  employee is involved in the prosecution or defense of this action and has the need to know such

18  information in the prosecution or defense of this action; and (2) each such employee is not involved in

19  patent prosecution for the Receiving Entity that relates to the subject matter described in the patents-

20  in-suit or any continuations, continuations-in-part, divisionals, or foreign counterparts of the patents-

21  in-suit.  An employee is "involved in patent prosecution" when that employee drafts patents or patent

22  applications, amends patents or patent applications, revises patents or patent applications, or assists or

23  advises in the drafting, amending or revising of patent claims and/or applications; and

24          (i)     necessary secretaries or clerical staff, if any, for any employee under paragraph

25  2(h) above.

26      Nothing herein shall (1) prevent a Designating Entity from using or disclosing its own

27  CONFIDENTIAL INFORMATION in any manner that the Designating Entity sees fit, or (2) prevent

28  a Receiving Entity from disclosing CONFIDENTIAL INFORMATION to an expert that has been

1  retained for purposes of this litigation, where that party has complied with paragraph 25 with respect

2  to the designated expert.

3        7.     The term "outside counsel" shall mean:

4          (a)     for Raindance Communications, Inc.:  Paul, Hastings, Janofsky & Walker LLP;

5          (b)     for WebEx Communications, Inc:  Townsend and Townsend and Crew LLP;

6  and

7          (c)     additional outside counsel, to whom no reasonable objection is presented, and

8  whom may be designated from time to time by the parties as additional firms entitled to receive

9  CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION pursuant to

10  this Protective Order.  A Receiving Entity must give the Designating Entity at least ten (10) business

11  days written notice in advance of disclosing any CONFIDENTIAL INFORMATION or

12  ATTORNEYS' EYES ONLY INFORMATION to such additional outside counsel.

13        8.     Any information, document, or thing designated as containing ATTORNEYS' EYES

14  ONLY INFORMATION shall be used solely for purposes directly related to this litigation in

15  accordance with the terms of this Order and shall not be disclosed by the Receiving Entity to any

16  person other than the persons identified in paragraph 6(a) to (g)

17       Nothing herein shall (1) prevent a Designating Entity from using or disclosing its own

18  ATTORNEYS' EYES ONLY INFORMATION in any manner the Designating Entity sees fit, or (2)

19  prevent a Receiving Entity from disclosing ATTORNEYS' EYES ONLY INFORMATION to an

20  expert that has been retained for purposes of this litigation, where that party has complied with

21  paragraph 25 with respect to the designated expert.

22        10.     Documents or other things that are designated as ATTORNEYS' EYES ONLY

23  INFORMATION and contain a party's source code may be designated "ATTORNEYS' EYES ONLY

24  – SOURCE CODE" and shall be provided the following further protections:

25          (a)     Any and all such source code documents, regardless of form, shall be

26  maintained in the sole custody and control of outside counsel of record in the United States ("Source

27  Code Custodian").

28          (b)     Any hard (non-electronic) copies of such source code shall be stored and

1  viewed only within the United States at:  (i) no more than two designated United States offices of the

2  Source Code Custodian; (ii) the sites where any depositions relating to the source code is taken, on the

3  dates associated with the taking of the deposition; (iii) the Court; or (iv) any intermediate location

4  reasonably necessary to transport the information (e.g., a hotel prior to a deposition).  Any and all such

5  copies shall be maintained in a secured, locked area.  For each and every non-electronic copy of any

6  source code, or any portion of any source code, the Source Code Custodian shall maintain a log

7  detailing the location of the copy.  Copies of selected portions of the source code can be made for the

8  limited purpose of using those copies as exhibits for a deposition, a pleading, declaration, or an expert

9  report, provided such copies are appropriately marked as "Attorneys' Eyes Only – Source Code."

10          (c)       Any source code produced in electronic form shall be stored and viewed only

11  no more than two designated United States offices of the Source Code Custodian and shall be

12  maintained in a secured, locked area.  Any such source code shall only be viewed or analyzed on a

13  stand-alone computer (a computer that is not connected to any internal or external computer or

14  computer network) located within the designated United States offices of the Source Code Custodian.

15  Only source code may be stored and produced on a stand-alone computer under this paragraph.  Any

16  source code produced in electronic form shall be produced in a word searchable format and as it is

17  maintained in the ordinary course of business, including any related make files, configuration files,

18  directory structures and/or development tools.  Two hard copies of the source code may be printed,

19  provided those hard copies are maintained in accordance with section 10(b), above.  No electronic

20  copies of such source code shall be made, except as necessary to provide an electronic copy of such

21  source code at each such location and to maintain back-up copies of the information on each such

22  computer.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each

23  and every time the source code is viewed, accessed, or analyzed:  (i) the name of each person who

24  accessed the code; (ii) the date and time of access; (iii) the length of time of access; and (iv) whether

25  any hard copies of any portion of the code were printed and the portion of the code printed.  The

26  Source Code Access Log shall not be discoverable except on further Order of this Court.

27          (d)       Access to information designated ATTORNEYS' EYES ONLY – SOURCE

28  CODE shall be limited to those persons set forth in paragraphs 6(a) to (g).

1    11.    Any recipient of information designated as CONFIDENTIAL INFORMATION or

2  ATTORNEYS' EYES ONLY INFORMATION is subject to this Protective Order.  In addition:

3          (a)    Any recipient of information designated as CONFIDENTIAL INFORMATION

4  or ATTORNEYS' EYES ONLY INFORMATION who receives such information pursuant to

5  paragraph 6(b) or 6(f), must be qualified to have access to CONFIDENTIAL INFORMATION or

6  ATTORNEYS' EYES ONLY INFORMATION through the procedures of subsection (b), below.

7  Any recipient of information designated as CONFIDENTIAL INFORMATION who receives such

8  information pursuant to paragraph 6(h) or 6(i) must be qualified to have access to CONFIDENTIAL

9  INFORMATION through the procedures of subsection (b), below.

10          (b)    Before being supplied with information designated as CONFIDENTIAL

11  INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, recipients must be shown a

12  copy of this Order and must sign a copy of the undertaking that is attached as "Exhibit A."  Such

13  written agreement shall be retained by counsel for the Receiving Entity.  The persons receiving

14  CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION are enjoined

15  from disclosing it to any other person, except in conformance with this Order.

16    12.    Each individual who receives any CONFIDENTIAL INFORMATION or

17  ATTORNEYS' EYES ONLY INFORMATION hereby agrees to subject himself/herself to the

18  jurisdiction of this Court for the purpose of any proceedings relating to the performance under,

19  compliance with or violation of this Protective Order.

20    13.    Information designated as CONFIDENTIAL INFORMATION or ATTORNEYS'

21  EYES ONLY INFORMATION disclosed in connection with this litigation shall be used by the

22  Receiving Entity only in connection with this litigation and shall not be used by the Receiving Entity

23  for any other litigation or any business or financial purposes.

24    14.    Information designated as CONFIDENTIAL INFORMATION or ATTORNEYS'

25  EYES ONLY INFORMATION shall not include any document, information or other materials which:

26          (a)    at the time of disclosure to Receiving Entity, is in the public domain;

27          (b)    after disclosure to a Receiving Entity, becomes part of the public domain as a

28  result of publication not involving a violation of this Order;

1    (c)    a Receiving Entity can show was received by the Receiving Entity, whether

2  before or after the disclosure, from a source who obtained the information lawfully and under no

3  obligation of confidentiality to the Designating Entity;

4    (d)    a Receiving Entity can show was independently developed before the time of

5  disclosure by the Receiving Entity; or

6    (e)    a Receiving Entity can show was independently developed after the time of

7  disclosure by personnel who have not had access to the Designating Entity's CONFIDENTIAL

8  INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

9    15.    If information designated as CONFIDENTIAL INFORMATION or ATTORNEYS'

10  EYES ONLY INFORMATION is disclosed to anyone other than in a manner authorized by this

11  Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to

12  such disclosure to the attention of the Designating Entity and make every effort to prevent further

13  disclosure.

14    16.    Any person in possession of information designated as CONFIDENTIAL

15  INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall exercise reasonable and

16  appropriate care with regard to the storage, custody or use of CONFIDENTIAL INFORMATION or

17  ATTORNEYS' EYES ONLY INFORMATION in order to ensure that the confidential nature of the

18  same is maintained.

19    17.    Any party filing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

20  INFORMATION with the Clerk of the Court shall do so in conformance with Local Rule 7-11 and 79-

21  5 (b).  Should the filing party fail to make an appropriate designation to the Clerk, any party (including

22  the Designating Entity) may take appropriate steps to make the appropriate designation to the Clerk.

23    18.    Any entity producing documents under this Protective Order shall designate documents

24  containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by

25  placing a legend on each page of any document that the Designating Entity wishes to protect against

26  disclosure or use.  The legend shall state "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as

27  appropriate.  The legends "OUTSIDE LITIGATION COUNSEL EYES ONLY" and "OUTSIDE

28  COUNSEL EYES ONLY" shall have the same meaning and effect as the legend "ATTORNEYS'

1    EYES ONLY." A designation on a document shall not implicitly apply to any exhibits and/or

2    attachments to the document. A designation of CONFIDENTIAL INFORMATION or

3    ATTORNEYS' EYES ONLY INFORMATION as to any thing of which inspection or sample has

4    been requested shall be made by placing a legend on the thing or container within which it is stored, or

5    by some other means of designation agreed to by the parties. All documents and things shall be

6    marked before provision of a physical copy to the other party. Alternatively, documents may be made

7    available for an initial inspection by counsel for the Receiving Entity before the designation of

8    CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION. In such

9    cases, the inspected documents shall be treated as being designated ATTORNEYS' EYES ONLY

10   INFORMATION according to the terms of this Order, before providing copies to the Receiving

11   Entity. Such initial inspection shall not constitute waiver of confidentiality with respect to any

12   document so inspected. Copies provided after the inspection shall be marked as set forth in this

13   Paragraph.

14          19.     Information disclosed at a deposition may be designated as CONFIDENTIAL

15   INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by either indicating on the

16   record at the deposition that the testimony is CONFIDENTIAL INFORMATION or ATTORNEYS'

17   EYES ONLY INFORMATION or by notifying the opposing party and the court reporter in writing

18   within thirty (30) business days of the receipt of the transcript of those pages and lines that are

19   CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION. Such written

20   notification shall then be attached by the Receiving Entity and/or court reporter to the transcript and

21   each copy thereof in its possession, custody, or control. All transcripts of such testimony shall be

22   treated as ATTORNEYS' EYES ONLY INFORMATION in their entirety until thirty (30) days

23   following receipt of the transcript or receipt of the confidentiality designations if received earlier.

24          20.     Subject to paragraph 31 of this Order, this Order is not intended to deal with any

25   discovery objections on the grounds of attorney-client privilege, work product immunity, the common

26   interest privilege, or other privilege protection afforded by law or to preclude any entity from seeking

27   relief either from a provision of this Order or any other relief from this Court which may be

28   appropriate under the Federal Rules of Civil Procedure or this Court's local rules.

1    21.    Nothing herein shall prevent disclosure if the Designating Entity that designated

2    information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

3    INFORMATION consents in writing to such disclosure.  Nor shall anything herein prevent any

4    counsel of the parties from utilizing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES

5    ONLY INFORMATION in the deposition of any person who is reasonably alleged to be the author,

6    source or recipient of the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

7    INFORMATION, irrespective of the Designating Entity that produced such information.

8    22.    Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice

9    to his/her client with respect to this litigation and, in the course thereof, referring to or relying

10   generally upon his examination of documents or information designated as CONFIDENTIAL

11   INFORMATION or ATTORNEYS' EYES ONLY INFORMATION provided, however, that in

12   rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose

13   the specific content or the source of such information or documents contrary to the terms of this Order.

14   23.    If a Designating Entity, through inadvertence, produces any information designated as

15   CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION without

16   labeling or marking or otherwise designating it as such in accordance with the provisions of this

17   Protective Order, the Designating Entity may give written notice to the Receiving Entity that the

18   document or thing produced is deemed CONFIDENTIAL INFORMATION or ATTORNEYS' EYES

19   ONLY INFORMATION and should be treated as such in accordance with the provisions of this

20   Protective Order.  The Receiving Entity shall treat such documents and things as CONFIDENTIAL

21   INFORMATION or ATTORNEYS' EYES ONLY INFORMATION from the date such notice is

22   received.  Disclosure, prior to the receipt of such notice, of such information designated as

23   CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION to persons not

24   authorized to receive such information shall not be deemed a violation of this Protective Order.

25   24.    A Receiving Entity shall not be obligated to challenge the propriety of

26   CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION designation at

27   the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that

28   any party to this litigation disagrees at any stage of these proceedings with such designation, such

1   party shall provide to the Designating Entity written notice of its disagreement with the designation.

2   The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute

3   cannot be resolved, the party challenging the designation may request appropriate relief from the

4   Court, but in any event, such relief from the Court shall not be requested before ten (10) business days

5   after the Designating Entity is served with the required notice of disagreement.  The Designating

6   Entity shall have the burden of establishing the applicability of the confidentiality designation to the

7   particular document or information at issue, except the Receiving Entity shall have the burden of

8   proving that the document or information is subject to one of the exceptions set forth in Paragraph 14.

9          25.     A Receiving Entity must give the Designating Entity at least ten (10) business days

10   written notice before disclosing, for the first time, CONFIDENTIAL INFORMATION or

11   ATTORNEYS' EYES ONLY INFORMATION to an independent expert or consultant.  At that time,

12   the Receiving Entity shall also provide the name and business address of that expert or consultant, a

13   current c.v. for that expert or consultant, a listing of the employment of that expert or consultant, all

14   consulting and expert relationships either in support of or adverse to any party to this case (or its

15   parents, subsidiaries, or affiliates), and all consulting and expert relationships over the past four years

16   in the field of web conferencing technology.  Should a Designating Entity have an objection to a

17   Receiving Entity's disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

18   INFORMATION to the designated expert or consultant, the objecting party shall serve written notice

19   of its objection upon the party who designated the expert within five (5) business days of designation.

20   If a party so objects, the parties shall confer and attempt to resolve the dispute.  In the event the parties

21   are unable to resolve the objection on an informal basis, the Designating Entity may request, and will

22   have the burden to establish entitlement to, appropriate relief from the Court.  In any event, such relief

23   from the Court shall be requested within twenty (20) business days after the Designating Entity is

24   served with the required notice of objection.  No disclosure of CONFIDENTIAL INFORMATION or

25   ATTORNEYS' EYES ONLY INFORMATION may be made to a consulting or testifying expert or

26   consultant until either (1) the expiration of ten (10) business days after designation of the expert's

27   identity, as set forth above, without objection, or (2) the resolution of a pending motion adverse to the

28   party seeking to prevent disclosure.  Each party may retain not more than six (6) independent experts

1  or consultants as set forth in paragraph 6(b) hereinabove.  Nothing herein shall prevent the parties

2  from agreeing to the designation of alternate or additional technical advisers if the Receiving Entity

3  reasonably believes it necessary in the preparation for litigation of this matter to make such additional

4  disclosures.

5    26.    CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

6  INFORMATION shall not be copied or otherwise reproduced by a Receiving Entity, except for

7  transmission to qualified recipients, without the written permission of the Designating Entity, or, in

8  the alternative, by further Court Order.  Nothing herein shall, however, restrict a qualified recipient

9  from making working copies, abstracts, digests and analyses of CONFIDENTIAL INFORMATION

10  or ATTORNEYS' EYES ONLY INFORMATION for use in connection with this litigation and such

11  working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL INFORMATION

12  or ATTORNEYS' EYES ONLY INFORMATION under the terms of this Order.  Further, nothing

13  herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL

14  INFORMATION or ATTORNEYS' EYES ONLY INFORMATION into machine readable form for

15  incorporation into a data retrieval system used in connection with these actions, provided that access

16  to CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, in

17  whatever form stored or reproduced, shall be limited to qualified recipients.

18    27.    This Order shall be without prejudice to the right of any party to oppose production of

19  any information for lack of timeliness or relevance or any other ground other than the presence of

20  CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

21    28.    Any of the notice requirements herein may be waived, in whole or in part, but only by a

22  writing signed by an attorney of record for the party against whom such waiver is asserted will be

23  effective.

24    29.    In the event a party having possession, custody or control of any CONFIDENTIAL

25  INFORMATION or ATTORNEYS' EYES ONLY INFORMATION of the other party receives a

26  subpoena, request or other process or order to produce such information in another, unrelated legal

27  proceeding, from a non-party to this action, such party shall immediately (a) notify counsel for the

28  Designating Entity of the subpoena, request or other process or order, (b) furnish counsel for the

1  Designating Entity with a copy of said subpoena, request or other process or order in sufficient time

2  within which the Designating Entity may take the necessary steps to quash or otherwise object to the

3  subpoena or request, and (c) cooperate with respect to all reasonable procedures sought to be pursued

4  by the Designating Entity whose interests may be affected.  The Designating Entity asserting the

5  CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall have the burden of defending

6  against such subpoena, request or other process or order.  The party receiving the subpoena, request or

7  other process or order shall be entitled to comply with it except to the extent the Designating Entity

8  asserting the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation has promptly notified

9  the party receiving the subpoena, request, other process or order of its intent to take immediate legal

10  action to quash the subpoena or respond to the request, in which case the party shall not produce such

11  documents while such legal action is pending or the Designating Entity is successful in obtaining an

12  order modifying or quashing the subpoena, request or other process or order.

13      30.      In the event that a party seeks discovery from a non-party to this action, either the non-

14  party or the parties may invoke the terms of this Protective Order with respect to any

15  CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION provided to

16  the parties by the non-party by so advising all parties to this action in writing.  Any such non-party

17  shall have standing to appear in this action in order to file motions and oppose motions, as necessary,

18  to protect such non-party's rights in its designated materials.

19      31.      The following shall not constitute a waiver of the attorney-client privilege, work

20  product immunity, common interest privilege, or any other privilege or protection afforded by law

21  ("Privilege"):

22          (a)      an initial inspection of documents (including physical objects) with respect to

23  any document so inspected;  or

24          (b)       the Designating Entity's inadvertent or unintentional production of a document

25  or physical object that is protected by one or more of the Privileges, if within ten (10) business days

26  after learning of an inadvertent production, the Designating Entity designates any such documents as

27  within one or more of the Privileges and requests return of any such documents to the Designating

28  Entity.  Upon request by the Designating Entity for return of any such documents designated as within

1   one or more of the Privileges, the Receiving Entity shall immediately return to the Designating Entity

2   all originals and copies of such document(s).  Nothing herein shall prevent the Receiving Entity from

3   challenging the propriety of the Privilege designation by submitting a written challenge to the Court

4   after such inadvertently produced documents are returned to the Designating Entity.

5          32.      This Protective Order governs only discovery.  At trial, the parties may redesignate or

6   redact CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

7          33.      Within 60 days of the conclusion of this action, including any appeals, the originals of

8   all produced documents or produced things designated as containing CONFIDENTIAL

9   INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and remaining subject to this

10  Protective Order, and all photocopies thereof, shall, upon request, be returned to the Designating

11  Entity or destroyed (at the option of the party in custody of the documents in question), except that

12  neither party shall be obliged to return any produced documents or produced things (or photocopies

13  thereof) that were admitted into evidence at trial.  The outside counsel for each party shall also be

14  entitled to retain all pleadings, motion papers, discovery responses, deposition transcripts, legal

15  memoranda, correspondence, and any related exhibits.  Nothing herein shall prevent each party's

16  counsel from retaining its work product.

17         34.      This Order is entered without prejudice to the right of any party to apply to the Court at

18  any time for additional protection, or to relax or rescind the restrictions of this Order, when

19  convenience or necessity requires.

20         35.      Other than as enumerated above, nothing in this Order shall alter the discovery

21  provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Orders of

22  this Court.  Identification of any individual pursuant to this Protective Order does not make that

23  individual available for deposition or any other form of discovery outside of the restrictions and

24  procedures of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Orders of this

25  Court.

26

27

28

1                            Respectfully submitted,

2   DATED: March 13, 2006        By: /s/ Steven W. Flanders

3                            Theodore T. Herhold
Thomas F. Fitzpatrick

4                            Steven W. Flanders
Julie J. Han

5                            TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue

6                            Palo Alto, California  94301
Telephone: (650) 326-2400

7                            Facsimile: (650) 326-2422
ttherhold@townsend.com

8                            swflanders@townsend.com
jjhan@townsend.com

9

10                            Counsel for Plaintiff and Counterdefendant
WEBEX COMMUNICATIONS, INC.

11

12   DATED: March 13, 2006        By: /s/ S. Christian Platt

13                            Stephen S. Korniczky
James V. Fazio III

14                            S. Christian Platt
Paul, Hastings, Janofsky & Walker LLP

15                            3579 Valley Centre Drive

16                            San Diego, California  92130
Telephone:  (858) 720-2500

17                            Facsimile:  (858) 720-2555
stephenkorniczky@paulhastings.com

18                            jamesfazio@paulhastings.com
christianplatt@paulhastings.com

19

20                            Counsel for Defendant and Counterclaimant
RAINDANCE COMMUNICATIONS, INC.

21

22 **IT IS SO ORDERED**:

23

24   Dated:   March 16, 2006

25

26       CHA_____
UNIT_____DGE

27       Judge Charles R. Breyer

28

[PROPOSED] PROTECTIVE ORDER
CASE NO. C05 03919 CRB (JCS)

                                                                              15

1

**EXHIBIT A**

2

UNITED STATES DISTRICT COURT

3

FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5   WEBEX COMMUNICATIONS, INC.,           Case No.    C05 03919 CRB (JCS)
    a Delaware Corporation,

6                                           **[PROPOSED] PROTECTIVE**
                    Plaintiff,              **ORDER**

7
                    v.

8
    RAINDANCE COMMUNICATIONS, INC.,

9   a Delaware Corporation,

10                  Defendant.

11
    RAINDANCE COMMUNICATIONS, INC.,

12  a Delaware Corporation,

13                  Counterclaimant,

14                  v.

15  WEBEX COMMUNICATIONS, INC.,
    a Delaware Corporation,

16                  Counterdefendant.

17

18              **UNDERTAKING CONSIDERING CONFIDENTIALITY**

19  I, _____, declare under the penalty of perjury under the laws

20  of the United States that:

21  1.      My address is _____.

22  2.      My present employer is _____.

23  3.      My present occupation or job description is _____

24  _____.

25  4.      I have received and carefully read a copy of the Protective Order entered in the above-

26  captioned litigation, and I understand its terms and conditions.

27  5.      I agree to be bound by and to comply with all the terms of the Protective Order, and by such

28  other orders as the Court may issue regarding the confidential treatment to be accorded documents and

[PROPOSED] PROTECTIVE ORDER
CASE NO. C05 03919 CRB (JCS)

1  other materials in this litigation.

2  6.      Specifically, I agree to hold in confidence and not to disclose to any person not similarly

3  bound by the Protective Order any CONFIDENTIAL INFORMATION or (if applicable)

4  ATTORNEYS' EYES ONLY INFORMATION disclosed to me in the course of this litigation.

5  7.      I agree to return all documents containing CONFIDENTIAL INFORMATION or (if

6  applicable) ATTORNEYS' EYES ONLY INFORMATION to outside counsel by whom I have been

7  retained at the conclusion of this litigation.

8  8.      I acknowledge that the Court may sanction me in the event that I violate the provisions of the

9  Protective Order, and I hereby agree to submit to the jurisdiction of this Court for said purpose.

10

11  Dated: _____

12                                              By: _____

13

14

15

16

17  60702926 v1

18

19

20

21

22

23

24

25

26

27

28